UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CARL BRDAR, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | NO. 3:06-0729 |
| | ) | |
| COTTRELL, INC., et al., | ) | Judge Echols/Bryant |
| | ) | **Jury Demand** |
| Defendants. | ) | |

## MEMORANDUM and ORDER

Pending before the undersigned Magistrate Judge are defendant Cottrell, Inc.'s Motion to Bar Plaintiffs' Expert Linda Weseman from Testifying (Docket Entry No. 233), and plaintiffs' Response in Opposition (Docket Entry No. 246); defendant Cottrell, Inc.'s Reply Brief in Support (Docket Entry No. 254), Plaintiffs' Motion for Leave to File Response to Cottrell's Reply Brief (Docket Entry No. 263) and accompanying Response (Docket Entry No. 264); defendant Cottrell, Inc.'s Combined Motion to Strike Plaintiffs' Response to Reply and Response to Motion for Leave to File Response to Reply (Docket Entry No. 266); and, finally, Plaintiffs' Response to Cottrell, Inc.'s Combined Motion to Strike (Docket Entry No. 269).

For the reasons stated below, Defendant Cottrell, Inc.'s Motion to Bar Ms. Weseman from Testifying (Docket Entry No. 233) is hereby **DENIED**. Plaintiffs' Motion for Leave to File Response (Docket Entry No. 263) is hereby **GRANTED**. Defendant Cottrell,

Inc.'s Combined Motion to Strike (Docket Entry No. 266) is hereby **DENIED**.

This is a products liability case that seeks to recover damages for injuries allegedly sustained by plaintiff Carl Brdar on September 23, 2002, while employed as the operator of a car hauler. The complaint alleges that the ratchet-and-chain tie-down system used to secure vehicles to the car hauler was defective and unreasonably dangerous, and caused Mr. Brdar's injuries. The complaint further alleges that defendant Cottrell, Inc. designed, sold or is otherwise legally responsible for this tie-down system. This case apparently is one of a host of similar cases that have been filed against Cottrell, Inc. and other manufacturers of ratchet-and-chain tie-down systems.

Ms. Linda Weseman of Jacksonville, Florida, is a mechanical engineer who has testified as a plaintiff's expert witness in many of these cases. She has been disclosed by plaintiffs as a testifying expert in this case. Defendant Cottrell, Inc. moves to bar Ms. Weseman from testifying in this case because in other similar cases she has declined to answer certain questions regarding information she has obtained in the course of her consulting relationship with Boydstun Metal Works, Inc., a car hauler manufacturer in competition with Cottrell.

It appears that on April 23, 2005, Ms. Weseman entered into a letter agreement under the terms of which she was employed

"to conduct a safety review of trucks and trailers manufactured by Boydstun and, if necessary, to act as a consultant to Boydstun and its attorneys in the event that any claims should be brought against Boydstun relating to the design, manufacturing, or operation of any of its trucks and trailers." (Docket Entry No. 233-3). This agreement requires that Ms. Weseman maintain as confidential all communication with, and advice, reports and analyses rendered to, Boydstun during the terms of the agreement.

In her Rule 26(a)(2)(B) report submitted in this case, Ms. Weseman states that she has had several "telephone consults" with Boydstun Metal Works, Inc. and that she has "consulted with this car manufacturer on safety and design issues." (Docket Entry No. 233-2 at p. 2). Ms. Weseman further states that she has "personally inspected" a pneumatically operated Boydstun trailer. Among the 84 items listed under the "materials reviewed" heading of Ms. Weseman's report, she includes: "21. Videotapes of alternatives (Landoll, Boydstun, Cottrell);" "62. Inspection of Boydstun trucks;" and "63. Conversations with R. Boydstun regarding hydraulic and pneumatic tie down systems."

Although Ms. Weseman has not been deposed in this case, defendant Cottrell, Inc. has filed its motion to bar her testimony based upon her refusal, in other cases, to testify about certain matters that she considers to be confidential pursuant to the terms of her consulting agreement with Boydstun Metal Works, Inc.

3

Specifically, Ms. Weseman has declined to produce certain photographs taken and notes prepared during her testing of Boydstun car haulers, although she has testified about the ranges of forces she measured during this testing. (White, Yenerich, Jensen deposition, Docket Entry No. 234 at pp. 4-5). Similarly, she has previously declined to testify about her discussions with Boydstun regarding safety issues related to manual skids (Id. at p. 5), citing the confidentiality provision of her consulting agreement. Ms. Weseman has testified that she would be willing to answer these questions and provide the requested information if her employer, Boydstun Metal Works, Inc.. would waive the confidentiality provisions of her consulting agreement.

In their response to Cottrell's motion to bar the testimony of Ms. Weseman, plaintiffs offer four arguments. First, they maintain that Cottrell's motion fails to comply with local rules and provisions of the scheduling order requiring the parties to meet and confer before filing discovery motions. Second, plaintiffs insist that Cottrell's expert, Jerry Purswell, similarly declined to produce notes regarding revisions to Cottrell's warnings manual based upon Cottrell's stipulation that Mr. Purswell would not rely on those materials at trial. Third, plaintiffs state that Ms. Weseman, like Mr. Purswell, will not rely upon nor testify at trial about anything she has learned from Boydstun since the inception of her consulting agreement in April 2005, and that she has responded, and will respond fully, to discovery questions

4

and requests about matters that predate her agreement with Boydstun.  Finally, plaintiffs contend that Cottrell seeks the disputed information in an attempt to gain "back-door" discovery, and a resulting unfair advantage, in a patent infringement case between Boydstun Metal Works, Inc. and Cottrell, Inc. pending in the U.S. District Court for the District of Oregon.

In a case of first impression, the Court of Appeals for the Sixth Circuit in <u>Regional Airport Authority of Louisville v. LFG, LLC</u>, 460 F.3d 697 (6th Cir. 2006), considered whether the 1993 amendments to Rule 26 require the disclosure of all information provided to testifying experts, including attorney opinion work product.  Following an analysis of case law, the text of Rule 26 and the notes of the Advisory Committee, the Court stated as follows:

> The bright-line approach is the majority rule, represents the most natural reading of Rule 26, and finds strong support in the Advisory Committee notes.  Therefore, we now join the "overwhelming majority" of courts, <u>Herman v. Marine Midland Bank</u>, 207 F.R.D. 26, 29 (W.D.N.Y. 2002), in holding that Rule 26 creates a bright-line rule mandating disclosure of all documents, including attorney opinion work product, given to testifying experts.

460 F.3d at 716-17.

In contrast to the attorney opinion work product at issue in <u>Regional Airport Authority</u>, the material in dispute here consists of photographs, notes and other information obtained by Ms. Weseman through her consulting relationship with Boydstun Metal

5

Works, Inc. However, in view of "the high privilege accorded attorney opinion work product," 460 F.3d at 714, the duty to disclose the disputed data obtained by Ms. Weseman from Boydstun is at least as compelling.

It appears that plaintiffs may maintain that Ms. Weseman should not be required to produce the disputed Boydstun information because she did not "consider" it in forming her opinions about this case. See Karn v. Ingersoll-Rand Co., 168 F.R.D. 633, 635 (N.D. Ind. 1996). It is the burden of the party resisting disclosure to demonstrate that the subject materials were not considered by the expert in forming her opinions. See Mussellman v. Phillips, 176 F.R.D. 194, 202 (D. Md. 1997). Moreover, if there is any ambiguity as to whether the disputed information ultimately informed the expert's opinion, the information must be produced. See Monsanto Co. v. Aventis Cropscience, N.V., 214 F.R.D. 545, 548 (E.D. Mo. 2002).

Although it appears that in other cases Ms. Weseman has declined to divulge certain information she has obtained through her consulting relationship with Boydstun Metal Works, Inc., she has not been deposed and, at least from the record before the Court, it does not appear that defendants have formally requested the disputed information in this case. Therefore, defendant Cottrell, Inc.'s motion to bar Ms. Weseman's testimony is hereby **DENIED** as premature.

If defendants seek discovery of this "Boydstun

6

information," and if Ms. Weseman declines to produce it, and if thereafter a proper motion to compel is filed, the Court will consider the merits of that motion and, if the Court orders disclosure, it may thereafter consider sanctions under Rule 37 for failure to comply with discovery.

It is so **ORDERED**.

s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge
