UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CARL BRDAR, VICKI BRDAR | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 3:06-cv-00729 |
| | ) | Judge Echols/Bryant |
| COTTRELL, INC.; | ) | |
| CASSENS & SONS, INC.; | ) | |
| CASSENS CORPORATION; | ) | |
| NISSAN NORTH AMERICA, INC. | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM AND ORDER

Pending before the court are two motions: Defendant Cottrell's *Motion to Strike Plaintiff's Expert or in the Alternative to Compel Plaintiffs' Expert's Deposition* (Docket No. 282), and Plaintiffs' *Amended Motion for Protective Order* (Docket No. 279), concerning Plaintiffs' intention to use Ms. Linda Weseman as an expert witness in this action. The parties have filed responses and replies to these motions. For the reasons stated below, Defendant Cottrell's motion will be **GRANTED**, and Plaintiffs' motion will be **DENIED.** In light of this ruling, Plaintiffs' *Motion for Leave to File Reply* (Docket Entry No. 292); *Emergency Motion to Shorten Time to Respond* (Docket Entry No. 293); and Defendant Cottrell's *Motion to Stay* (Docket Entry No. 303) hereby are **DENIED** as moot.

**I. BACKGROUND**

Plaintiffs Carl and Vicki Brdar are residents of Smyrna, Tennessee. Plaintiff Carl Brdar filed this product liability action after allegedly being injured in the course and scope of his employment with Defendant Cassens, and Plaintiff Vicki Brdar is claiming loss of consortium as a result of this injury. Plaintiffs claim that Mr. Brdar's injury resulted from an allegedly

defective and unreasonably dangerous ratchet-and-chain tie-down-system that was manufactured by Defendant Cottrell for use in hauling automobiles manufactured by, *inter alia*, Defendant Nissan. The record indicates that this action is but one of many similar suits that have been filed against Defendant Cottrell and other manufacturers of these types of ratchet-and-chain tie-down systems.

Ms. Linda Weseman is an engineer from Jacksonville, Florida, who repeatedly has been retained as an expert witness by Plaintiffs' counsel in several prior actions of this sort. Since April 2005, Ms. Weseman has been employed by Boydstun, Inc. as a consultant. Boydstun - a nonparty to this action - is a manufacturer of, *inter alia*, ratchet-and-chain tie-down systems, and it competes with Defendant Cottrell for business. Additionally, there is a pending patent-infringement suit between Cottrell and Boydstun in the U.S. District Court in Oregon. Ms. Weseman's employment agreement with Boydstun requires her to keep confidential all communication with, and advice, reports and analyses rendered to, Boydstun during the terms of the agreement. (Docket Entry No. 233-3).

Because of the highly contentious and litigious relationship between Boydstun and Cottrell, the former has refused to allow Ms. Weseman to answer any questions in this litigation about her communications with it after April 2005 (hereinafter "Boydstun information"). Furthermore, Plaintiffs claim that disclosing the Boydstun information would subject Ms. Weseman to liability under trade secret laws,[1] and would violate a protective order entered in the litigation pending between Boydstun and Cottrell in Oregon. It is upon these grounds that Plaintiffs have filed a motion for a protective order with this Court.

---

[1] See Fla. Admin. Code Ann. r. 61G15-19.001(6)(r).

Defendants, on the other hand, claim that allowing Ms. Weseman to evade questions about her employment with Boydstun - upon which she will rely in formulating her expert opinion in this matter - is unfair and prejudicial to them insofar as it does not allow them to investigate fully the bases for Ms. Weseman's opinions. Therefore, Defendants seek to compel Ms. Weseman's deposition, or in the alternative, to strike her as an expert witness, per Fed. R. Civ. P. 37.

Defendants cite two prior actions in which Plaintiffs' counsel attempted to use Ms. Weseman as an expert, only to have her barred from testifying for failing to answer questions about the Boydstun information. In Eubanks v. Cottrell in the U.S. District Court for the Eastern District of Missouri, District Judge Jean Hamilton barred Ms. Weseman after the Plaintiffs in that action failed to produce her for deposition, contrary to Judge Hamilton's previous orders. Case No. 05-CV-1361 (JCH) (Docket Entry No. 282-1, Exhibit B). Finding that Ms. Weseman relied on the Boydstun information in formulating her opinions, Judge Hamilton held that Cottrell had the right to cross-examine her fully, or else have her barred from testifying. Id. In a related action, Gray v. Cottrell, also in the U.S. District Court for the Eastern District of Missouri, District Judge Carol E. Jackson barred Ms. Weseman from testifying, also based on her refusal to answer questions about her Boydstun information. Case No. 4:05-CV-1852 (CEJ) (Docket Entry No. 282-1, Exhibit A). Citing the Eubanks order, Judge Jackson held that Ms. Weseman's inability to testify about the bases of her expert opinions infringed on Cottrell's ability to evaluate fully her opinions. Id. Accordingly, Judge Jackson also barred Ms. Weseman from testifying as an expert. Id.

On November 28, 2006, this Court denied as premature Cottrell's motion to bar Ms.

Weseman's testimony because Cottrell had not formally requested her deposition at that time. However, in that same order, the undersigned indicated that if Defendants were to request Ms. Weseman's testimony on these matters and she declined to produce it, Cottrell's motion to compel or strike would be reconsidered. See Docket No. 275 pp. 6-7. Since that time, Defendants claim that they repeatedly have requested that Plaintiffs produce Ms. Weseman for deposition, but that Plaintiffs thus far have not complied. Instead of producing Ms. Weseman for deposition, Plaintiffs instead have moved for the above-mentioned protective order, asking this Court to limit the scope of the questions Ms. Weseman may be asked.

## II. DISCUSSION

Fed. R. Civ. P. 26(a)(2)(B) requires any party retaining an expert witness to provide a written report prepared and signed by the witness, containing "a complete statement of all opinions to be expressed and the basis and reasons therefor." Plaintiffs maintain in their motion for a protective order that Ms. Weseman did not rely on the Boydstun information specifically in forming her opinions about this case, and therefore, she should not be required to disclose it. The party resisting disclosure bears the burden of showing that an expert did not consider certain information or documents in forming her opinion, and such burden cannot be satisfied by the expert's representations alone. Schwab v. Philip Morris USA, Inc., 2006 WL 721368, at *3 (E.D.N.Y. 2006) (quoting B.C.F. Oil Refining, Inc. v. Consolidated Edison Co. of New York, 171 F.R.D. 57, 62 (S.D.N.Y. 1997)). Furthermore, if there is any ambiguity as to whether an expert considered certain information in formulating her opinions, such information must be disclosed. JB ex rel Palmer v. ASARCO, Inc., 225 F.R.D. 258, 261 (N.D. Okla. 2004).

In the instant case, Plaintiffs do not meet their burden of showing that Ms. Weseman did

4

not consider the Boydstun information in forming her expert opinions.  Plaintiffs claim in their memorandum that "a majority of the communications" that Defendants are attempting to discuss with Ms. Weseman are unrelated to her work with Boydstun, but Plaintiffs do not foreclose entirely the possibility that Ms. Weseman's opinions have been influenced by the Boydstun information.  Moreover, the seminal 6th Circuit Case on expert witness disclosure mandates a bright-line "disclosure of all documents" given to testifying experts, and this Court can find no justification for departing from the 6th Circuit's reasoning.  <u>Regional Airport Authority of Louisville v. LFG, LLC</u>, 460 F.3d 697, 716-17 (6th Cir. 2006).   Although the "documents" at issue here refer more to Ms. Weseman's own impressions than to any tangible documents, the 6th Circuit decision in <u>Regional Airport Authority</u> clearly was intended to mandate broad disclosure on the part of testifying experts.  <u>Id.</u>  Plaintiffs here have been unable to demonstrate that Ms. Weseman's impressions warrant an exception to this broad disclosure rule.  It appears that conversations between Ms. Weseman and Rob Boydstun have had at least a minor impact on the formulation of her expert opinions, and Defendants are entitled to an opportunity to cross-examine her on these discussions.

To that end, this Court finds unpersuasive Plaintiffs' arguments that ordering Ms. Weseman's testimony would violate the protective order entered in the Oregon litigation between Boydstun and Cottrell.[2]  Plainly, if Plaintiffs wish to use Ms. Weseman as their expert, they must make her available to answer Defendants' questions pertaining to the bases of her

---

[2] Furthermore, the undersigned questions whether Plaintiffs have standing to move for a protective order. Plaintiff's memorandum indicates that such Order's primary purpose would be to protect the interests of Boydstun, a nonparty that has not attempted to intervene in this action. However, a more detailed inquiry into this question is unnecessary, given the fact that these motions can be and are resolved on other grounds.

5

expert opinions.  Considering Plaintiffs' knowledge of the patent litigation between Boydstun and Cottrell and the difficulties Plaintiffs have encountered when attempting to use Ms. Weseman in previous suits, Plaintiffs cannot now claim ignorance of the apparently irreconcilable divide between Ms. Weseman's employment with Boydstun and her ability to testify as an expert against Cottrell.  Moreover, the Gray and Eubanks orders - each dealing with substantially the same claims made in the instant action - are sound in their reasoning, and their conclusions will be adopted here.

This Court recognizes that trade secret laws and Ms. Weseman's terms of employment may prohibit her testimony upon the very matters Cottrell seeks (and to which it is entitled). Therefore, an order compelling such testimony would have little effect, and, indeed, would be unfair to Ms. Weseman.  In view of this fact, the undersigned will **GRANT** Defendant Cottrell's motion to strike Ms. Weseman as an expert witness.  Should Plaintiffs decide that Ms. Weseman is able to testify fully in a deposition as to the Boydstun information, the undersigned is amenable to reconsidering this order.  Until such time, however, Ms. Weseman is hereby stricken as an expert witness, and Plaintiffs' motion for a protective order limiting the scope of her examination or deposition is **DENIED**.

**IT IS SO ORDERED.**

s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge
